## LAIRD *v.* CITY OF DE SOTO.[1]

*(Circuit Court, E. D. Missouri.  May 8, 1885.)*

**1. MUNICIPAL CORPORATIONS—LIABILITY OF SUCCESSOR—INVALID REORGANIZATION.**

An invalid reorganization of an incorporated town as a city cannot affect its corporate existence; and where the invalid reorganization is dissolved by a decree in *quo warranto* proceedings, and a valid city organization, composed of the same people and trustees, is created in the place of the town, the new organization becomes liable, as the successor of the town, upon its bonds.

**2. SAME.**

Where in such a case the city contains a trifle less land within its limits than the town, that fact does not affect its liability.

**3. PRACTICE—MOTION FOR REHEARING.**

Query, whether a motion for a rehearing of a motion for a new trial should be entertained.

Petition for a Rehearing of a Motion for a New Trial.

For opinion upon motion for a new trial, see 22 FED. REP. 421.

*Mills & Flitcraft,* for plaintiff.

*Joseph A. Williams,* for defendant.

MILLER, C. J.    This motion for a rehearing of the motion for a new trial is a very unusual proceeding, and I have great doubt whether it ought to be entertained, even if the motion ought originally to have been granted; but looking over the case again, in the light of the pleas and agreed statement of facts, I am still of opinion that the defendant, the city of De Soto, is the lawful successor of the town of De Soto, which issued the bonds on which the judgment was rendered. The fact that the present city contains 400 acres less land in its lim-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

its than the former town, does not change the liability of the people who constitute that town, nor does the change from a town to a city, nor does the decree attempting to abrogate the city organized in 1877, destroy the obligations of the town of 1872. When these people became organized into a city which is now in existence, that city, as the successor of the town of 1872, is liable for the debts of the former.

The motion for a rehearing is overruled.